Jiang v. Holder

BIA
Zagzoug, IJ
A200 729 952

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand thirteen.

PRESENT:
ROBERT A. KATZMANN,
    *Chief Judge*,
BARRINGTON D. PARKER, JR.,
REENA RAGGI,
    *Circuit Judges*.

_____

JUNRAN JIANG,
    *Petitioner*,

v.                                          12-314
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent*.

_____

FOR PETITIONER:        Xin Miao, Flushing, N.Y.

FOR RESPONDENT:        Nancy N. Safavi, Trial Attorney,
                       Office of Immigration Litigation,
                       *for* Stuart F. Delery, Acting
                       Assistant Attorney General, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Junran Jiang, a native and citizen of the People's Republic of China, seeks review of a December 29, 2011, decision of the BIA affirming the November 10, 2010, decision of Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Junran Jiang,* No. A200 729 952 (B.I.A. Dec. 29, 2011), *aff'g* No. A200 729 952 (Immig. Ct. N.Y. City Nov. 10, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The agency's decision must be upheld if it is supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B).

Jiang challenges the agency's adverse credibility determination, which was based on his demeanor, inconsistent and implausible testimony, application omissions, and insufficient corroboration. We afford "particular deference

2

to credibility determinations that are based on [an] adjudicator's observation of [an] applicant's demeanor" because "the IJ's ability to observe the witness's demeanor places [the IJ] in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility." *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). As Jiang does not allege that the demeanor findings were based on a misstatement in the record, *cf. Li Zu Guan v. INS*, 453 F.3d 129, 139-40 (2d Cir. 2006), we will defer to the agency's determination that his testimony was "evasive [and] unresponsive" on cross-examination.

We can be "still more confident" of the agency's demeanor finding when it is "supported by specific examples of inconsistent testimony." *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). Here, contrary to Jiang's contention, the agency reasonably relied on his inconsistent testimony about his business license in finding that he was not credible. For instance, his testimony that the license expired in October 2008 was inconsistent with evidence he submitted indicating the expiration date was December 31, 2008, and the agency did not err when it

3

determined that Jiang's explanation for the inconsistency that he "misspoke" was implausible, given the importance of the business license to his claim that he was persecuted. *See Xiu Xia Lin*, 534 F.3d at 167; *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Jiang complains that these inconsistencies were not "central" to his claim of persecution.  However, because Jiang's application is governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may base a determination that the applicant lacked credibility under the totality of the circumstances on the "demeanor, candor, or responsiveness of the applicant[,] . . . the inherent plausibility of the applicant's . . . account," and "the consistency of [the applicant's] statements with other evidence of record . . . *without regard to whether an inconsistency, inaccuracy, or falsehood goes the heart of the applicant's claim*."  8 U.S.C. § 1158(b)(1)(B)(iii) (emphasis added); 8 U.S.C. § 1229a(c)(4)(C); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

4

In addition, the agency did not err in finding that Jiang's omission of an important fact from his application, namely that government officials threatened to shut down his business in retaliation for his complaint on the pretext that his license had expired, undermined his credibility. *See Xiu Xia Lin*, 534 F.3d at 167; *Xu Duan Dong v. Ashcroft*, 406 F.3d 110, 111-12 (2d Cir. 2005). Jiang also failed to corroborate his claim before the IJ with reasonably available evidence; for example, he failed to provide any record of a medical examination by a doctor in the United States that would support his claim that he had suffered certain injuries.[1] *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

Lastly, Jiang contends that the IJ and BIA were required to separately consider the merits of his claim for CAT relief. However, as Jiang fails to allege an independent factual predicate for relief apart from his incredible testimony, and as the only evidence for his CAT

---

[1]  Although Jiang presented certain medical records to the BIA on appeal, the BIA is not permitted to consider new evidence and is not required to remand for further fact-finding if the new evidence could have been presented at the earlier hearing. 8 C.F.R. §§ 1003.1(d)(3)(iv), 1003.2(c)(1).

claim depended on his credibility, the adverse credibility determination in this case is dispositive of his claims for asylum, withholding of removal, *and* CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir. 2006) ("[A] petition for CAT relief may fail because of an adverse credibility ruling rendered in the asylum context where the factual basis for the [applicant's] CAT claim was the same as that rejected in his asylum petition.").

We have considered Jiang's remaining arguments, including his alleged due process violation, and find that they lack merit. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007); *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008). For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6